# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | No.  04 CR 423 - 2 |
| v. ) | |
| ) | Judge Amy J. St. Eve |
| GINO MCMAHAN ) | |

## ORDER

Defendant Gino McMahan has filed a motion asking the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). Defendant seeks a reduction based on the recent amendments to the Sentencing Guidelines which lowered the base offense levels applicable to drug offenses. Defendant's motion [650] is denied.

## LEGAL STANDARD

Defendant McMahan seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c). Section 3582(c)(2) provides:

> The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 3582(c)(2) authorizes a court to reduce a defendant's sentence only when the Sentencing Guidelines range has changed and the defendant's existing sentence exceeds the low end of the newly calculated range. *See United States v. Guyton,* 636 F.3d 316 (7th Cir. 2011).

On April 30, 2014, the Sentencing Commission promulgated Amendment 782 which reduced the Guidelines applicable to the Drug Quantity Table by two levels, across all drug types. On July 18, 2014, the Commission voted to make Amendment 782 retroactive to previously sentenced defendants. The Amendment became effective on November 1, 2014. The Commission also specifically noted that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S. Sentencing Guidelines Manual § 1B1.10(e)(1) (2014).

## FACTUAL BACKGROUND

A jury convicted Defendant Gino McMahan of participating in a drug conspiracy and of possession with intent to distribute crack cocaine. Under *Apprendi*, the jury also made the following findings as to Defendant Gino McMahan: 50 grams or more of crack cocaine; less than 100 grams of heroin; 500 grams or more but less than 5 kilograms of cocaine.

On September 2, 2005, the Court sentenced Defendant to 312 months in the custody of the Bureau of Prisons. His offense level was a 44 and his criminal history category was a I. His base offense level for the drug quantity was 38 based on the Court's finding that Defendant was responsible for over 1.5 kilograms of crack cocaine.

On January 6, 2009, the Court granted Defendant's motion to reduce his sentence based on the prior amendments to the crack guidelines. The Court reduced Defendant's sentence to 260 months in the custody of the Bureau of Prisons. The Court found that Defendant was responsible for more than 2.8 kilograms of crack cocaine. In ruling on that motion, the Court held that Defendant's base offense level should be lowered to a 36 under the amended guidelines, which resulted in an amended offense level of 42. The Court sentenced Defendant to a term below the guideline range given certain Section 3553 factors addressed in the order and at sentencing. (R. 597.) Defendant moved for a further reduction in 2011 which the Court denied because he did not qualify for a reduction. (R. 623.)

Defendant now moves under Amendment 782 for a reduction in his sentence.

## ANALYSIS

As noted above, Section 3582(c)(2) authorizes a court to reduce a defendant's sentence only when the Sentencing Guidelines range has changed and the defendant's existing sentence exceeds the low end of the newly calculated range. Defendant correctly notes that Amendment 782 lowers his base offense level. Because his 260 month sentence is below the newly calculated Guidelines, however, he is not entitled to a further reduction.

Defendant was responsible for more than 2.8 kilograms of cocaine base or crack cocaine involved in his offense of conviction. Under Amendment 782, Defendant's base offense level therefore is a 34. With his other sentencing enhancements, his offense level is a 40 and his criminal history category is a I. This guideline calculation has a corresponding guideline range of 292-365 months in prison. Because his sentence of 260 months is below this range, the Court denies his motion.

**Dated: September 25, 2015**

_____
**AMY J. ST. EVE**
**United States District Court Judge**